ARCHIBALD M'INTYRE *vs.* SAMUEL PARKS & another.

If a sale of lottery tickets is made in another State, where such sale is lawful, to a citizen
of this State, it is a lawful transaction, although the seller knows that the purchaser
buys them for the purpose of selling them in this State, where such sale is prohibited
by statute ; and the seller may maintain an action, in the courts of this State, to
recover possession of real estate mortgaged to the buyer, and by him assigned to the
seller to secure payment of a note given for such tickets.

Where a proposal to purchase goods is made by letter sent to another State, and is
there assented to, the contract of sale is made in that State.

THIS was a writ of entry to recover a tract of land in Malden,
and was submitted to the court on the following facts agreed :

The demanded premises were formerly owned by Andrew
Wait, who made a mortgage thereof to secure payment of a
note.   That note and mortgage, together with other property,
were assigned to Selden Braynard, who assigned the same, on
the 1st of September 1826, to the demandant and John B.
Yates, then partners transacting business in New York, as col-
lateral security for a note of about $ 12,000 due to said Yates
and M'Intyre from said Braynard, which has never been paid.
That note was given in part for the price of lottery tickets sold
and delivered in New York by the said Yates & M'Intyre to said
Braynard, then an inhabitant of Boston, and in part for money
received of them by him.   A part of said tickets were sold by
said Braynard in Massachusetts, a part in Maine, and a part in
New Hampshire ; and at the time when they were sold to
Braynard, Yates & M'Intyre knew that he intended to sell them
in those States, as well as elsewhere.

Said John B. Yates died in 1836, and on the 3d of May
1840, the demandant commenced this suit, as surviving partner
of the firm ; the tenants then, and ever since, being in the ad-
verse occupation of the demanded premises.

The tenants claim under a subsequent deed from said Bray-
nard, made to the tenant Parks, and taken with a knowledge, by
both tenants, of the prior assignment by Braynard to Yates and
M'Intyre.   Part of the consideration of said deed, from Bray-
nard to Parks, was the price of lottery tickets sold in Boston

by Parks to Braynard ; and part was money advanced by Parks to Braynard for the purpose of running expresses from Delaware to Boston, with the numbers of the drawings of Delaware lotteries.

It was agreed, at the argument, that the lottery tickets, mentioned in the foregoing statement, were in lotteries not authorized by law in this Commonwealth. It was also agreed that the deposition of said Braynard, which was taken in the cause, might be referred to by either party.

The tenants were to be defaulted, or judgment to be rendered for them, as the court should direct.

*Peabody*, for the demandant. Though the sale of the tickets would have been illegal, and would not have been a good consideration for the note which the mortgage was assigned to secure, if the sale had been made in this Commonwealth ; yet as it was made in New York, where it was valid, it was binding upon the party here. In *Pellecat* v. *Angell*, 2 Crompt. Mees. & Rosc. 313, Lord Abinger says, " it has never been said that merely selling to a party who means to violate the laws of his own country is a bad contract." See also *Holman* v. *Johnson*, Cowp. 341. *Greenwood* v. *Curtis*, 6 Mass. 358. *Farmer* v. *Russell*, 1 Bos. & Pul. 296.

*G. Minot*, for the tenants. It appears from Braynard's deposition that part of the tickets for which (among other things) the $ 12,000 note was given, were bought by letter sent by him from Boston to New York. This was a contract in Boston ; and if so, it was clearly void for illegality. Where part of the consideration of an entire contract is unlawful, it vitiates the whole contract. *Scott* v. *Gillmore*, 3 Taunt. 226. *Carleton* v. *Whitcher*, 5 N. Hamp. 196.

As the demandant knew that Braynard bought the tickets for the purpose of selling them in violation of the law of this Commonwealth, it is submitted that the contract of sale, though made in New York, does not furnish a ground of action here. See Story's Conflict of Laws (2d ed.) §§ 251 – 257, and *notes*.

WILDE, J. The demandant's title is derived from a mortgage given by Andrew Wait, which was legally assigned to

Selden Braynard, and by him assigned to the demandant and his partner since deceased. The tenants object to the legality of the assignment to the demandant and his partner, on the ground that the consideration was lottery tickets, the sale of which was prohibited in this Commonwealth. But it appears by the deposition to which the parties have referred, that the contract was made in the State of New York, and was by the laws of that State a valid contract. It is no legal objection to the validity of the contract, that the demandant, when the lottery tickets were sold to Braynard, knew that he intended to sell them, or part of them, in this Commonwealth. The case of *Holman* v. *Johnson*, Cowp. 341, cited by the counsel for the demandant, and other cases, are clear and decisive on this point.

Nor is it of any consequence that the proposal of Braynard to purchase the lottery tickets was made by a letter dated at Boston. It was the assent to the sale, which completed the contract. The tickets were sold and delivered in New York, as appears by the statement of the facts.

*Tenants defaulted.*